# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OURIQUE, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00026-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Richard A. Evans ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on January 6, 2022, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Evans v. Cal. Dep't.*

1

1    The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy
2  the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047,
3  1053−55 (9th Cir. 2007).  The complaint is composed of a laundry list of thirty (30) separate
4  claims, including: inoperative urinals with flooding and standing water in restroom areas; black
5  mold in pods/cells from poor ventilation systems; denial of access to court – law library closure
6  issues; mail room issues with mail and package delivery problems; poor climate controls during
7  intense weather conditions; corroded and worn yard equipment; yard flooding from winter
8  weather conditions; chow hall with multiple health and safety violations; staff's unlawful
9  harassment and retaliation; being COVID-19 positive from staff's failure to follow protocols;
10 failure to distribute new rules and regulations; failure and abuse of administrative remedy
11 process; non-treatment of severe varicose veins in Plaintiff's legs; confidential correspondence
12 violations; hazardous sugar alternatives in food; no cable outlets for education, movies, and
13 regulations; no music vendors for quality instruments for musicians; no music program; no
14 handicrafts for level 2 population; no sanitation means; no programming options; no vocations or
15 job training; no rewards for good behavior and loss of privileges; being stuck in cells and pods for
16 22 hours every day; no pay numbers for some positions, with others working for pennies; bad,
17 spoiled, or under portioned food; being sold defective and expired products from package
18 vendors; staff inciting the population to harm, in fear of retaliation; dehumanizing language and

---

*of Corrs. & Rehab.*, Case No. 2:17-cv-01891-JAM-KJN (E.D. Cal.) (dismissed on January 18, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); (2) *Evans v. Cal. Dep't. of Corrs. & Rehab.*, Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.) (dismissed on April 26, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); (3) *Evans v. Suisun Police Dep't.*, Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.) (dismissed on August 7, 2018 for failure to state a claim); (4) *Evans v. Carlock*, Case No. 1:18-cv-00440-DAD-BAM (E.D. Cal.) (dismissed on August 2, 2019 for failure to state a claim); (5) *Evans v. Solano Cty. Sheriff*, Case No. 2:17-cv-00020-KJM-EFB (E.D. Cal.) (dismissed on October 10, 2019 for failure to state a claim); (6) *Evans v. Sherman*, Case No. 1:19-cv-00226-DAD-BAM (E.D. Cal.) (dismissed on January 14, 2021 for failure to state a claim); (7) *Evans v. Milan*, Case No. 1:20-cv-00070-AWI-HBK (E.D. Cal.) (dismissed on October 25, 2021 for failure to state a claim).  *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).
    The Court also takes judicial notice of the following United States Court of Appeals Case: *Evans v. Siebel*, Case No. 19-17574 (9th Cir.) (dismissed on November 20, 2020 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

1   disrespectful actions; and no investigation into possible abuse of discretion in cases.  (ECF No. 1,
2   p. 4.)  Plaintiff generally alleges that the conditions on the Level 2 facilities at his current
3   institution are consistent with sweat shops and slavery.  (*Id.* at 5.)

4   "Imminent danger of serious physical injury must be a real, present threat, not merely
5   speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,
6   2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of
7   ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent
8   serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and
9   utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d
10  1226, 1231–32 (10th Cir. 1998).

11  The allegations in the complaint are purely conclusory, and in fact do not even link any of
12  the named defendants to any particular alleged violation of Plaintiff's rights.  Further, none of the
13  thirty listed claims identifies any ongoing or imminent serious physical injury, and based on their
14  conclusory nature, it is not clear whether some of the claims even have an effect on Plaintiff
15  individually.

16  Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious
17  physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from
18  the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he
19  wishes to litigate this action.

20  Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
21  District Judge to this action.

22  Further, it is HEREBY RECOMMENDED that:

23  1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28
24     U.S.C. § 1915(g); and

25  2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this
26     action.

27  These Findings and Recommendations will be submitted to the United States District
28  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2022**                /s/ Barbara A. McAuliffe            _
                                         UNITED STATES MAGISTRATE JUDGE